IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ROOSEVELT CAYMAN ASSET COMPANY,<br><br>Plaintiff,<br>                    vs.<br><br>FRANCISCO EMILIO PEÑA BREA, a/k/a FRANCISCO PEÑA BREA, ANA MARIA PEÑA DURAN, and the Conjugal Partnership Constituted Between Them,<br><br>Defendants. | CIVIL NO. 15-1653 (CVR) |

**OPINION AND ORDER**

**INTRODUCTION**

efore the Court is Plaintiff Roosevelt Cayman Asset Company's Motion for Summary Judgment in this mortgage foreclosure case. (Docket No. 22). Plaintiff posits that Defendants, Francisco Emilio Peña Brea, also known as Francisco Peña Brea, Ana María Peña Durán, and the Conjugal Partnership Constituted between them, breached their loan repayment obligations towards Plaintiff by failing to make the agreed upon mortgage payments. As of May 13, 2015, Defendants owed Plaintiff the sum of $146,269.46 in principal, plus accrued interest, late charges and other fees. Plaintiff's efforts to try to collect all outstanding amounts have been unsuccessful.

Upon Plaintiffs' application for summary judgment, and under the circumstances and facts surrounding this case, as well as the applicable statutes and case law, this Court finds that there are no genuine material facts in controversy to prevent the entry of judgment in Plaintiff's favor.

Case 3:15-cv-01653-CVR   Document 25   Filed 04/28/16   Page 2 of 11

Roosevelt Cayman Asset Company v. Francisco Emilio Pena Brea, et al
Civil No. 15-1653
Opinion and Order
Page 2
_____

## STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure sets forth the standard in order for the Court to enter summary judgment. Said rule provides that "the judgment sought shall be rendered forthwith if the pleadings, answer to interrogatories, and admissions together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See also Lipsett v. Univ. of Puerto Rico, 864 F.2d. 881, 894 (1st Cir. 1998).

The movant must clearly establish the absence of any material fact and that is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317; 106 S.Ct. 2548 (1986); Kauffman v. Puerto Rico Tel. Co., 849 F.2d 1169 (1st Cir. 1988). The existence of some alleged factual dispute will not defeat a summary judgment motion. In order to defeat the motion the facts in dispute must be material. See Kenny v. Josephthal & Co., Inc., 814 F.2d. 798, 804 (1st Cir. 1987).

If the moving party has effectively sustained its burden, any party opposing the motion must set forth specific facts showing that there remains a genuine issue for trial. In this context, "genuine" means that the evidence about the fact is such that a reasonable jury could resolve the point in favor of the non-moving party and "material" means that the fact is one that might affect the outcome of the suit under the governing law. United States v. One Parcel of Real Property, 960 F.2d. 200, 204 (1st. Cir. 1992).

The non-movant must support allegations made in the pleadings with particular facts and arguments. See Coll v. PB Diagnostic Sys.,Inc., 50 F.3d 1115 (1st Cir, 1995); Local No. 48 United Bhd. of Carpenters and Joiners of Am. v. United Bhd. of Carpenters and Joiners of Am., 920 F.2d. 1047 (1st Cir. 1990); and Griggs-Ryan v. Smith, 904 F.2d 112 (1st

Case 3:15-cv-01653-CVR   Document 25   Filed 04/28/16   Page 3 of 11

Roosevelt Cayman Asset Company v. Francisco Emilio Pena Brea, et al
Civil No. 15-1653
Opinion and Order
Page 3
_____

Cir. 1990).  At all times during the consideration of a motion for summary judgment, the Court must examine the entire record "in the light most flattering to the non-movant and indulge all reasonable inferences in the party's favor."  Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994).

And although Defendants never opposed Plaintiff's request, "an unopposed motion for summary judgment should not be granted unless the record discloses that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Rivera-Torres v. Rey-Hernández, 502 F.3d 7, 13 (1st Cir. 2007); see also, e.g., NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 7-8 (1st Cir. 2002) ("[A] district court may not automatically grant a motion for summary judgment simply because the opposing party failed to comply with a local rule requiring a response within a certain number of days").

## FINDINGS OF FACT

Based on the facts and documents submitted by Plaintiff, which stand uncontested by Defendants, the Court makes the following findings of fact:

1. On November 29th, 2007, for value received, Defendants subscribed, signed and delivered a mortgage note payable to Metro Island Mortgage Inc., or to its order, for the principal amount of One Hundred Nineteen Thousand Two Hundred Dollars ($119,200.00) with interest at the rate of 7.25% per annum.  Docket No. 22, Exhibit A.

2. As guarantee of the aforementioned note, on that same date, Defendants executed and delivered a mortgage constituted by deed number 294, in San Juan, Puerto Rico and before Notary Public Jorge Laborde Corretjer, as thereafter modified on

Case 3:15-cv-01653-CVR   Document 25   Filed 04/28/16   Page 4 of 11

Roosevelt Cayman Asset Company v. Francisco Emilio Pena Brea, et al
Civil No. 15-1653
Opinion and Order
Page 4
_____

February 16, 2013 pursuant to deed number 129 executed in San Juan, Puerto Rico, before Notary Public Humberto Soto Mainardi, increasing principal balance to $148,263.87. Id., Exhibit B.

3. The mortgage was executed upon the following property:

> ---URBANA: Solar #23 en el Bloque CO de la Urbanización Campo Rico, radicado en el barrio Sabana Llana de Río Piedras, término municipal de San Juan, Puerto Rico, con un área de 300.15 metros cuadrados. Colinda por el Norte, en 13.05 metros, con la Calle #24 de la Urbanización Campo Rico; por el Sur, en 13.05 metros, con el solar #6 del Bloque CO; por el Este, en 23.00 metros, con el solar #22 del Bloque CO; y por el Oeste, en 23.00 metros, con el solar #24 del Bloque CO de dicha urbanización. -
>
> ---Enclava una casa de concreto reforzado y bloques de concreto, de una planta para una familia.-------
>
> ---Inscrito al folio 176 del tomo 107 de Sabana Llana, finca número 4,560, inscripción primera. Registro de la Propiedad de Puerto Rico, Sección Quinta de San Juan. -----------------------------

4. Roosevelt Cayman Asset Company ("RCAC") is at present the owner and holder of said mortgage note and deed. The mortgage that secures the above-referenced note is duly recorded in the Registry of Property, Five Section of San Juan, at page 155 of volume 1030 of Sabana Llana. Id., Exhibits A & C.

5. Defendants are the owners of the mortgaged property according to the Registry of Property, as per Plaintiff's best knowledge and belief. Id., Exhibit C.

6. Defendants appeared before this Court and did not raise any material controversies as to the allegations in the Complaint. Docket No. 8.

7. On October 7, 2015 a conference was held in the instant case, in which the parties where ordered to appear prepared to discuss settlement options, but counsel informed they were in conversations to reach a loss mitigation plan in this case.

    Plaintiff had already given to Defendants a list of a documents needed for the evaluation of a loss mitigation plan. Plaintiff was granted twenty (20) days to review the documents already submitted by Defendants to ascertain whether they were complete and to inform Defendants counsel.  Docket No. 14.

8. On February 26, 2016, both parties informed the Court that, despite their loss mitigation efforts, no settlement had been reached.   Docket No. 19.

9. Defendants have breached the payment obligations towards Plaintiff and Plaintiff has been unsuccessful in collecting its debt.  As of May 27, 2015, Defendants owed Plaintiff the sums of $146,269.46 in principal, accrued interest which continues to accrue until full payment of the debt at the rate of 7.25% per annum, accrued late charges and any other advances, charges, fees or disbursements made by Plaintiff on behalf of Defendants in accordance with the mortgage deed, plus costs, and ten (10) percent for attorney fees.  Docket No. 22, Exhibit D.

**LEGAL ANALYSIS**

    Jurisdiction is appropriate by virtue of 28 U.S.C. § 1332. There is complete diversity of citizenship among the parties. The amount in controversy in the complaint, exclusive of interests and costs, exceeds Seventy Five Thousand Dollars ($75,000.00). Venue is proper in this district pursuant to 28 U.S.C. § 1391 inasmuch as Defendants reside in this district and the real property in question is located in Puerto Rico.

    It is well settled under Puerto Rico law that "[a] person receiving money or any other perishable thing on loan acquires its ownership, and is bound to return to the creditor an equal amount of the same kind and quality." Puerto Rico Civil Code, Article 1644, P.R. Laws Ann. tit. 31, § 4571.  See Espino v. Frías, 7 P.R.R. 541 (1904).  Moreover,

"[o]bligations arising from contracts have legal force between the contracting parties, and must be fulfilled in accordance with their stipulations." Puerto Rico Civil Code, Article 1044, P.R. Laws Ann. tit. 31, § 2994. Therefore, courts may not relieve a party of its obligations to do whatever they agreed to do via a contract. See Cervecería Corona v. Commonwealth Ins. Co., 115 D.P.R. 345 (1984); Hennes v. Sun Life Assurance Co. of Canada, 291 F. Supp. 670 (D.P.R. 1968); Matricardi v. Peñagarícano, Admin., 94 D.P.R. 1 (1967); Clausells v. Salas, 51 P.R.R. 87 (1937).

A mortgage "directly and immediately binds an estate and the rights on which it is imposed, whoever its owner or titleholder may be, to the fulfillment of the obligation for the security of which it was constituted." Mortgage Law of 1979, Article 155, P.R. Laws Ann. tit. 30, § 2551. Puerto Rico's Civil Code additionally states that "[a] mortgage directly and immediately subjects the property on which it is imposed, whoever its possessor may be, to the fulfillment of the obligation for the security of which it was created." Puerto Rico Civil Code, Article 1775, P.R. Laws Ann. tit. 31, § 5043. See also Cristy v. Banco Territorial y Agrícola, 11 P.R.R. 525 (1906); Vicenty v. Vázquez, 11 P.R.R. 275 (1906). The real right of a mortgage, once constituted subject to the mortgaged good, grants whoever is its title holder or possessor the power to demand the fulfillment of the obligation that it warranties, with preference corresponding to the degree of registration. (Art. 145.1 and 146.1 of the General Regulations for the Execution of Mortgage Law and the Registry of Property).

On a similar vein, it is a well-established rule of law that the pacts and agreements reached between the parties in a contract have legal force and should be fulfilled as accorded. Puerto Rico Civil Code, Article 1044, 31 P.R. Laws Ann. § 2994. The definition

Case 3:15-cv-01653-CVR   Document 25   Filed 04/28/16   Page 7 of 11

Roosevelt Cayman Asset Company v. Francisco Emilio Pena Brea, et al
Civil No. 15-1653
Opinion and Order
Page 7
_____

of what constitutes a contract is codified at Article 1206 of the Puerto Rico Civil Code, Laws of P.R. Ann. tit. 31, § 3371. The cited statute establishes that a contract exists from the moment one or various persons consent to obligate themselves to another, to give something or to provide a service.

Article 1207 of the Puerto Rico Civil Code, Laws of P.R. Ann. tit. 31, § 3372, contains the concept of freedom to contract ("libertad de contratación"). This concept implies that the agreements in which parties can enter to are essentially limited to their imaginations, thus leaving the will of the parties as the supreme law between them. Arthur Young & Co. v. Vega, 136 DPR 157, 169-170 (1994).  However, the will between the parties is not completely unlimited. As such, "[t]he contracting parties may make the agreement and establish the clauses and conditions that they deem advisable, provided they are not in contravention of law, morals or public order".  Laws of P.R. Ann. tit. 31, § 3372.

Contracts are perfected by mere consent, and from that moment each of its parties is obliged, not only to fulfill what was expressly agreed to, but also to respond to the consequences that, depending on its nature, conform to good faith, the use, and the law. Puerto Rico Civil Code, Article 1210, P.R. Laws Ann. tit. 31, § 3376; Municipio de Ponce v. Rosselló, 94 J.T.S. 112; Unisys v. Ramallo Brothers., 129 D.P.R. 13 (1991); Producciones Tommy Muñiz v. COPAN, 113 D.P.R. 517, 526-27 (1982).

Still more important for this particular case, the courts of justice cannot relieve one party of fulfilling what it obliged itself in a contract, when the contract is legal and valid, and does not contain any vices.  García v. World Wide Entm't Co., 92 J.T.S. 177, 10264 (1992); Constructora Bauzá v. García López, 91 J.T.S. 99, 9076 (1991).  Nevertheless, when in a bilateral contract one of the contractors does not comply with its obligation, the other

Case 3:15-cv-01653-CVR   Document 25   Filed 04/28/16   Page 8 of 11

Roosevelt Cayman Asset Company v. Francisco Emilio Pena Brea, et al
Civil No. 15-1653
Opinion and Order
Page 8
_____

has the right to choose between the specific performance of the contract or the resolution of the obligation of indemnification for damages and payment of interest. Puerto Rico Civil Code, Article 1077; P.R. Laws Ann. tit. 31, § 3052; Unisys, *supra*, at page 8854.

In the supporting documentation presented, Plaintiff has established that Defendants entered into a valid contract with Plaintiff, whereby on November 29, 2007, and for value received, Defendants subscribed, signed and delivered a Mortgage note payable to Metro Island Mortgage, Inc., or to its order, for the principal amount of $119,200.00 with interest at the rate of 7.25% per annum. As guarantee of the aforementioned note, Defendants executed and delivered a mortgage in San Juan, Puerto Rico on the same date, and thereafter modified it to increase the balance to $148,263.87. The mortgage was executed upon a certain property described in the complaint, which is the object of this case. Plaintiff is at present the owner and holder of the note, as evidenced by the chain of endorsements in the note.

Plaintiff has evidenced that Defendants have defaulted on the payment obligation and the parties agree that they have been unable to reach an agreement as to the monies owed. The uncontroverted facts show that summary judgment is therefore an appropriate means of disposing of the claims in this case, as a matter of law.

In view of the foregoing, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. Judgment is hereby entered for Plaintiff and against Defendants, as follows:

    For the sum of $146,269.46 in principal, accrued interest which continues to accrue until full payment of the debt at the rate of 7.25% per annum, accrued late charges and any other advance, charge, fee or disbursements made by Plaintiff, on behalf of Defendant, in accordance

      with the mortgage deed, plus costs, and ten (10) percent in attorney fees.

2. In default of the payment of the sums herein specified or of any part thereof, within fourteen (14) days from the date of entry of judgment, the mortgaged property described above, shall be sold at public auction to the highest bidder therefor, without an appraisal or right of redemption for the payment of Plaintiff's mortgage within the limits secured thereby.

3. Upon Plaintiff's compliance with Fed.R.Civ.P. 53, the court may appoint a Special Master to conduct the sale, but the Special Master shall not proceed to carry out the said sale, or do anything in connection with it, until further order by this Court and under the form and conditions to be directed by the Court.

4. The sale to be conducted by the appointed Special Master shall be subject to the confirmation of the Court, and the purchaser or purchasers of the property shall be entitled to receive its possession. The minimum bid to be accepted at the first public sale will be in accordance with the mortgage deed.

5. Any funds derived from the sale to be made in accordance with the terms of this Order and such further orders of this Court shall be applied as follows:

    a)    To the payment of all proper expenses attendant upon said sale, including the expenses, outlays and compensation of the Special Master appointed herein, after the said compensation and expenses shall have been fixed and approved by the Court, all said expenses to be deducted from the sum provided in the deed of mortgage for costs, charges and disbursements, expenses and attorney's fees.

Case 3:15-cv-01653-CVR   Document 25   Filed 04/28/16   Page 10 of 11

Roosevelt Cayman Asset Company v. Francisco Emilio Pena Brea, et al
Civil No. 15-1653
Opinion and Order
Page 10
_____

  b)  To the payment of all expenses or advances made by Plaintiff.

  c)  To the payment to Plaintiff of the amount of $146,269.46 in principal as of May 27, 2015, accrued interest which continues to accrue until full payment of the debt at the rate of 7.25% per annum, accrued late charges and any other advance, charge, fee or disbursements made by Plaintiff, on behalf of Defendants, in accordance with the mortgage deed, plus costs, and ten (10) percent in attorney fees.

  d)  If after making all the above payments there shall be a surplus, said surplus shall be delivered to the Clerk of this Court, subject to further orders of the Court.

  e)  If after making all those payments there is a deficiency, Plaintiff may seek further orders by the Court to collect the deficiency from Defendants.

6. Plaintiff in these proceedings may apply to this Court for such further orders, as it may deem advisable to its interests, in accordance with the terms of this Order, including all available remedies for the enforcement of a money judgment.

## CONCLUSION

For the aforementioned reasons, the Court GRANTS Defendant's Motion for Summary Judgment (Docket No. 22).  Plaintiff is hereby awarded $146,269.46 in principal, accrued interest which continues to accrue until full payment of the debt at the rate of 7.25% per annum, accrued late charges and any other advances, charges, fees or disbursements made by Plaintiff on behalf of Defendants in accordance with the mortgage deed, plus costs, and ten (10) percent in attorney fees.

Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 28th day of April, 2016.

                                      S/CAMILLE L. VELEZ-RIVE
                                      CAMILLE L. VELEZ RIVE
                                      UNITED STATES MAGISTRATE JUDGE